UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NSixty, LLC, | ) | Case No. 1:17-cv-335 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| uPost Media, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## Complaint

For its complaint against defendant uPost Media, Inc. ("uPost"), plaintiff NSixty, LLC, ("NSixty") states as follows:

### Summary Of Case

1. This is an action for damages and injunctive relief to remedy the infringement by uPost of U.S. Patent No. 8,619,115 ("the '115 patent") and U.S. Patent 9,313,456 ("the '456 patents") (collectively, "the NSixty patents").

2. The NSixty patents are directed to unique video communications systems, including digital kiosks for recording messages that can be accessed through the web.

### The Parties

3. NSixty is an Ohio corporation with a principal place of business in Ohio.

4. uPost is a Nevada company with a principal place of business in Nevada.

### Jurisdiction and Venue

5. This Court has subject matter jurisdiction over NSixty's patent infringement claim under 28 U.S.C. § 1331 and § 1338 because it arises under federal law.

{6759558:2}

6. This Court has personal jurisdiction over uPost on various grounds, including (without limitation) because it has offered to sell and, upon information and belief, has actually sold goods or services infringing the NSixty patents in Ohio; upon information and belief, it has transacted business in Ohio; it has caused tortious harm to NSixty in Ohio resulting from its infringing activities; and, upon information and belief, it has regularly solicited business in Ohio, engaged in a persistent course of conducting business in Ohio, and derived substantial revenue from goods sold in Ohio.

7. Venue is proper under 28 U.S.C. § 1391 because uPost is subject to personal jurisdiction in this district and, therefore, "resides" in the Southern District of Ohio according to federal law.

## Relevant Facts

### I. The Patents

8. The '115 patent issued on December 31, 2013.

9. The '456 patent issued on April 12, 2016.

10. NSixty is the exclusive owner of the '115 and '456 patents.

### II. uPost's Infringement Of The NSixty Patents

11. uPost is making, importing, using, selling, and/or offering to sell kiosks in the United States that are covered by one or more claims of each of the NSixty Patents, including, without limitation, the uPost Mounted Selfie Stand, the uPost Original Selfie Stand, and the uPost Portable Stand (collectively, the "Accused Products").

12. Among its various methods of marketing the Accused Products, uPost advertises nationwide, including in Ohio, on its website at upostmedia.com and on social

media sites, including Facebook. uPost offers to provide the Accused Products for setup by customers anywhere in the U.S., including in Ohio.

## Count One
*Patent Infringement*

13. NSixty incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

14. Each of the Accused Products is covered by one or more claims of each of the NSixty patents.

15. uPost has directly infringed, and continues to directly infringe, each of the NSixty patents by selling, offering to sell, using, making and/or importing the Accused Products in the United States.

16. Each of the Accused Products' only commercial use is as a digital communication kiosk.

17. Any use of the Accused Products as a digital communication kiosk is an act of direct infringement of each of the NSixty patents.

18. Because the sole intended use of the Accused Products is an infringing use, the Accused Products have no substantial non-infringing uses.

19. uPost has induced infringement of the NSixty patents at least because, with knowledge of each of the NSixty patents, it intentionally and actively induced end users of the Accused Products to use them in a manner that infringes the NSixty patents with specific intent that they do so.

20. uPost has contributed to infringement of the NSixty patents at least by selling the Accused Products, which have no substantial use other than an infringing use as a digital communication kiosk.

21. uPost's infringements of the NSixty patents were, and continue to be, willful and deliberate.

22. NSixty has been damaged by uPost's infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

### Prayer for Relief

WHEREFORE, NSixty prays for judgment against uPost as follows:

(A) A finding that uPost has directly infringed one or more claims of the '115 patent and one or more claims of the '456 patent under 35 U.S.C. § 271(a).

(B) A finding that uPost has induced infringement of one or more claims of the '115 patent and one or more claims of the '456 patent under 35 U.S.C. § 271(b).

(C) A finding that uPost has contributed to the infringement of one or more claims of the '115 patent and one or more claims of the '456 patent under 35 U.S.C. § 271(c).

(D) Preliminary and permanent injunctive relief enjoining uPost and its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with them, and all others aiding, abetting, or acting in concert or active participation therewith, from: (1) making, using, selling, offering to sell, or importing into the U.S. any device covered by the NSixty patents; or (2) otherwise directly or indirectly infringing the NSixty patents.

(E) Compensatory damages under 35 U.S.C. § 284.

(F)   Treble damages under 35 U.S.C. § 284.

(G)   An order that uPost accounts to NSixty for all sales, revenues, and profits derived from their infringing activities and that three times those profits be disgorged and paid to NSixty under 35 U.S.C. § 284.

(H)   Attorneys' fees under 35 U.S.C. § 285.

(I)   Pre-judgment and post-judgment interest.

(J)   Costs of the action.

(K)   Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

Dated: May 15, 2017

                                              s/ David B. Cupar
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for NSixty, LLC*

## Jury Demand

Plaintiff NSixty, LLC hereby demands a jury trial for all issues so triable.

  s/ David B. Cupar
*Counsel for NSixty, LLC*
