UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nsixty, LLC,

        Plaintiff,

vs.

uPost Media, Inc.,

        Defendants.

CASE NO. 1:17-cv-335

Judge Timothy S. Black

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**

**I.    The Supreme Court has Recently Changed the Legal Landscape for Patent Venue**

Venue in a patent infringement action is exclusively governed by 28 U.S.C. § 1400(b), which states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The Supreme Court recently considered the first prong of this venue statute, the provision that allows a patent infringement action to be brought in the judicial district where the defendant resides. Overturning a 25 year precedent from the Federal Circuit, the Supreme Court unanimously held: "[a]s applied to domestic corporations, "reside[nce]" in §1400(b) refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 197 L. Ed. 2d 816, 825 (U.S. May 22, 2017). The Supreme Court also unambiguously held that, §1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . §1391(c)." *Id.* at 823. In other words, unless Defendant is incorporated in Ohio, which it is not, and which Plaintiff acknowledges (Complaint, ¶ 4), Defendant does not "reside" in this district. The necessary upshot of the situation is that, unless a defendant is incorporated in the forum state proper venue can be established only by a showing by Plaintiff that Defendant falls within the

1

second prong of § 1400, i.e. when Defendant has "a regular and established place of business" in this district of the forum.

    **II.    Defendant Does Not Have A "Regular And Established Place Of Business" In This District**

As evidenced by the accompanying Declaration of Rick Dural, President and Secretary of uPost Media, Inc., Defendant does not have a "regular and established place of business" within the Southern District of Ohio. Plaintiff does not allege that uPost has a regular and established place of business in Ohio, and it does not. Defendant is instead incorporated in Nevada, a fact acknowledged by Plaintiff (Complaint, ¶ 4), where it has its principal place of business. (Complaint, ¶ 4). Seemingly aware of this undisputable fact, Plaintiff has made no allegations that Defendant has any business presence at all in Ohio, let alone the substantive required showing of "a regular and established business." And Plaintiff's general claim that uPost has done some business in Ohio by alleging it has offered to sell or has sold goods in Ohio (Complaint ¶ 6) is insufficient to establish venue is proper under Section 1400. *See Norkol/Fibercore, Inc. v. Gubb*, 279 F. Supp. 2d 993, 999 (E.D. Wis. 2003). ("having a regular and established business [under the statue] involves more than [a claim of] 'doing business.'").

Once an objection to venue has been raised, "Plaintiff[ ] bear[s] the burden of establishing that venue is proper," and "must demonstrate that venue is proper for each claim asserted in their complaint." *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002). Not only has Plaintiff failed to meet this burden to date, there is no factual basis for any such showing in the future.

Where venue is improper, the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### III. This Case Should be Dismissed for Improper Venue.

Neither of the venue provisions available under Section 1400 to bring suit against Defendant implicates the Southern District of Ohio.  uPost neither is incorporated in Ohio nor has a regular or established place of business in this district.  Dural Decl. at ¶¶ 4-9.  As the Plaintiff has not met either prong of the only applicable patent venue statute, 28 U.S.C. § 1400, this Complaint should be dismissed for improper venue pursuant to 28 U.S.C. § 1406 (a) and Federal Rule of Civil Procedure 12(b)(3). Alternatively, if this Court finds it is the interest of justice to do so, it can transfer this case to the United States District Court for the District of Nevada.

Respectfully submitted,

By: *James D. Liles*
James D. Liles (Ohio Bar No. 0005547)
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202-5118
Tel: 513.369.4209
Fax: 513.421.0991
Email: jliles@porterwright.com

Trial Attorney for: Defendant
*uPost Media, Inc.*

## CERTIFICATE OF SERVICE

I hereby affirm that I caused a copy of the foregoing document to be served electronically by ECF and by email this 14th day of June, 2017, to

>David B. Cupar
>Matther J. Cavanagh
>McDonald Hopkins LLC
>600 Superior Avenue, East, Ste. 2100
>Cleveland, OH 44114
>**dcupar@mcdonaldhopknis.com**
>**mcavanagh@mcdonaldhopkins.com**

>/s/   *James D. Liles*

>James D. Liles

CINCINNATI/247606v.1