UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NSixty, LLC, | ) | Case No. 1:17-cv-00335-TSB |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | Magistrate Judge Stephanie K. Bowman |
| | ) | |
| uPost Media, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**NSixty's Opposition to uPost's Motion to Dismiss for Improper Venue**

The Court should deny defendant uPost Media, Inc.'s motion to dismiss for improper venue (ECF #5) because uPost waived the venue challenge on which its motion rests. More specifically, after uPost failed to respond to the complaint by the deadline, uPost obtained an extension and avoided a default entry by agreeing with NSixty, LLC that uPost would answer the complaint and not file any Rule 12 motion. So uPost agreed *not* to file the vey motion that it has now filed, and it waived the defense that it now asserts. The Court should deny uPost's motion accordingly.

**Background**

uPost's answer to NSixty's complaint was due on June 7, 2017. (*See* Proof of Service, ECF #4.) uPost did not answer, move to dismiss, or file anything by its June 7 deadline.

On June 9, 2017, the Court emailed NSixty's counsel, stated that uPost had not answered by the June 7 deadline, and asked whether NSixty would be moving for default. (Cupar Decl. ¶ 5 & Ex. 2.)[1] After receiving that email, NSixty's counsel and uPost's counsel

---
[1] The declaration of NSixty's counsel, David B. Cupar, is attached.

spoke by telephone regarding uPost's default and settlement possibilities. (*Id.* ¶ 6.) During that call, the parties agreed that: (a) uPost would answer the complaint and not challenge the complaint under Rule 12; and (b) NSixty would allow uPost until June 14 to answer. (*Id.*) uPost thus waived any Rule 12 defenses in return for avoiding a default entry and obtaining an extension of time to answer until June 14. During their call, counsel for NSixty told uPost's counsel about the Court's earlier email and the attorneys agreed that NSixty's counsel would email the Court back to advise that uPost would be answering by June 14 and would not be moving against the complaint under Rule 12. (*Id.* ¶ 7.)

As the attorneys had agreed, NSixty's counsel emailed the Court, with a copy to uPost's counsel, to notify it of the parties' agreement. (Cupar Decl. ¶ 7 & Ex. 2.) He stated:

> I just spoke with opposing counsel, Christopher Austin, who I copy on this email. His client, uPost, agrees to answer the complaint—and not respond with any motion challenging the complaint on Rule 12 or 13 grounds since defendant is past due on that deadline—by Wednesday, June 14 (he is finalizing retention of local counsel) to avoid default.

(Exhibit 2.) uPost's counsel did not object to this email or express any disagreement with NSixty's statement to the Court about the parties' agreement. (Cupar Decl. ¶ 9.)

Consistent with their agreement that uPost would answer by June 14 and not move to dismiss, uPost's counsel followed up with an email to NSixty's counsel in which uPost's counsel stated "thank you for the courtesy of a June 14, 2017, deadline to file an ***answer*** in this matter." (*Id.* ¶ 10 & Ex. 3 (emphasis added).)

On June 14, uPost did not answer, as it had agreed to do, but instead did exactly what it had agreed not to do: it moved for dismissal under Rule 12(b)(3) for improper

venue.[2] uPost's motion, memorandum, and declaration do not mention uPost's default, the June 9 email to the Court, or uPost's agreement with NSixty to not move against the complaint under Rule 12.[3]

### Law and Argument

**uPost waived its venue challenge.**

Improper venue is a waivable defense. *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262 (1961). It may be waived in various ways, including by agreement, untimeliness, or conduct. *Id.*

uPost expressly waived its venue objection by agreement with NSixty's counsel to avoid default and to obtain an extension of time to answer. This is confirmed by: (a) the attached declaration of NSixty's attorney; (b) by email from uPost's counsel in which he thanked NSixty for the courtesy of allowing him until June 14 "to file an answer," where his prior request to NSixty—to which NSixty did *not* agree—was for a longer extension and to allow uPost to answer "or otherwise respond"; and (c) the June 9 email from NSixty's counsel to the Court—which uPost's counsel had agreed to, and which he received and did not object—that stated unequivocally that uPost had agreed to "not respond with any motion challenging the complaint on Rule 12 or 13 grounds." (*See* Cupar Decl. ¶¶ 6-10 & Exs. 1-3.)

---

[2] uPost alternatively seeks a transfer under 28 U.S.C. § 1406 based on its venue challenge as an alternative to dismissal. uPost's waiver applies to either form of relief—dismissal or transfer—because both are premised on the venue challenge that uPost waived.

[3] Additionally, uPost's motion unfairly criticizes NSixty's complaint for not alleging venue in accordance with the U.S. Supreme Court's very recent *TC Heartland* decision when uPost knows that NSixty filed its complaint a week *before* the *TC Heartland* decision issued and changed the venue law for patent cases.

Moreover, if uPost had not waived the improper venue defense by agreement, then a waiver would still exist because uPost defaulted when it failed to respond to the complaint by the June 8 deadline, and that default is a waiver. *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default.").

## Conclusion

Because uPost waived the venue defense that its motion relies entirely upon, the Court should deny uPost's motion.

Respectfully submitted,

Dated: July 5, 2017

  s/ David B. Cupar
David B. Cupar (OH 0071622)
   Trial Attorney
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for NSixty, LLC*

## Certificate of Service

I hereby certify that on July 5, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record, all of whom are registered ECF participants.

                                                       s/ David B. Cupar
                                                      *Counsel for NSixty, LLC*