# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| NSIXTY, LLC, | : | Case No. 1:17-cv-335 |
| Plaintiff. | : | Judge Timothy S. Black |
| vs. | : | |
| uPOST MEDIA, INC, | : | |
| Defendant. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE (Doc. 5);
THEREBY TRANSFERRING THIS CASE TO
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
PURSUANT TO 18 U.S.C. SECTION 1406(a)**

This civil action is before the Court regarding Defendant's motion to dismiss for improper venue (Doc. 5) and the parties' responsive memoranda (Docs. 6, 7).[1]

## I.  BACKGROUND

This is a patent infringement case. On May 15, 2017, Plaintiff filed the Complaint alleging that Defendant is infringing Plaintiff's patents involved in video communications systems, including digital kiosks for recording messages that can be accessed through the internet. (Doc. 1).

---

[1] Also before the Court is Plaintiff's motion for leave to file a Sur-Reply (Doc. 8). The Court finds there is good cause for Plaintiff's Sur-Reply in that it responds to arguments raised for the first time in Defendant's Reply (Doc. 7). Accordingly, the Court **GRANTS** Plaintiff's motion to file a Sur-Reply, and the Sur-Reply attached to the motion (Doc. 8-2) is hereby deemed to be filed of record and is considered by the Court in fashioning this Order.

The Complaint alleges that Plaintiff is an Ohio corporation with a principal place of business in Ohio, and Defendant is a Nevada company with a principal place of business in Nevada. (Doc. 1 at ¶ 3-4). The Complaint alleges venue is proper in this district because "[Defendant] is subject to personal jurisdiction in this district and, therefore, 'resides' in the Southern District of Ohio." (*Id.* at ¶ 7).

Defendant was served with the Complaint on May 17, 2017; its answer was initially due on June 7, 2017. (Doc. 4).

On June 6, 2017, Christopher Austin, an attorney with a Las Vegas, Nevada, address, emailed David Cupar, Plaintiff's trial attorney. (Doc. 6-2 at 2). Mr. Austin stated that he had recently been retained by Defendant in connection with this case, was in the process of securing local counsel in Ohio, and requested "an extension to answer or otherwise respond to the complaint to on or before July 12, 2017." *Id.*

On June 9, 2017, the Court inquired with Mr. Cupar as to whether Plaintiff intended to file a motion for entry of default. (Doc. 6-3 at 3). Mr. Cupar responded to the Court, copying Mr. Austin, stating:

> I just spoke with opposing counsel, Christopher Austin, who I copy on this email. His client, uPost, agrees to answer the complaint – and not respond with any motion challenging the complaint on Rule 12 or 13 grounds since defendant is past due on that deadline – by Wednesday, June 14 (he is finalizing retention of local counsel) to avoid default.

(Doc. 6-3 at 2).

On June 13, 2017, Defendant, through local counsel, filed a motion to dismiss for improper venue. (Doc. 5). The motion argues that venue is not proper in the Southern District of Ohio under 28 U.S.C. § 1400(b) because Defendant does not "reside" in Ohio

2

and does not have a "regular and established place of business" in Ohio. (*Id.* at 1-2). Defendant's motion is supported by the Declaration of Richard E. Dural, Defendant's President and Secretary. Mr. Dural states that (1) Defendant is registered in the state of Nevada and maintains its corporate headquarters in Las Vegas, Nevada, (2) all of Defendant's books and records are located in and maintained at Defendant's corporate office in Las Vegas, Nevada, (3) Defendant has "no manufacturing, sales, services or administrative or marketing activities in Ohio and has never had any such activities in Ohio," (4) Defendant has never sold any products or services anywhere in the state of Ohio and has never had a customer or client in the state of Ohio, (5) Defendant has no employees, officers, agents or operations in Ohio, (6) Defendant does not direct any advertisement activities for its products or services to any resident of Ohio, (7) Defendant has never leased or rented any office or other real property in the state of Ohio, and (8) Defendant has no business operations of any kind in the state of Ohio, and certainly has no regular or established business operations anywhere in Ohio. (Doc. 5-2 at ¶¶ 2-9).

Defendant's motion requests dismissal, but, in the alternative, requests that the case be transferred to the United States District Court for the District of Nevada "if this Court finds it is the interest of justice to do so." (Doc. 5 at 1).

In response, Plaintiff argues Defendant waived all arguments related to improper venue:

> [Defendant] expressly waived its venue objection by agreement with [Plaintiff's] counsel to avoid default and to obtain an extension of time to answer. This is confirmed by: (a) the attached declaration of [Plaintiff's] attorney; (b) by email from [Defendant's] counsel in which he thanked [Plaintiff] for the courtesy of allowing him until June 14 "to file an

3

answer," where his prior request to [Plaintiff]—to which [Plaintiff] did *not* agree—was for a longer extension and to allow [Defendant] to answer "or otherwise respond"; and (c) the June 9 email from [Plaintiff's] counsel to the Court—which [Defendant's] counsel had agreed to, and which he received and did not object—that stated unequivocally that [Plaintiff] had agreed to "not respond with any motion challenging the complaint on Rule 12 or 13 grounds."

(Doc. 6 at 3).

Notably, Plaintiff does not set forth a single fact or argument suggesting that venue is proper in this district or that venue would be improper in Nevada. (*See* Doc. 6).

## II.  STANDARD

Any civil action for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  A corporate patent defendant is deemed to "reside" only in the state in which it is incorporated.  *TC Heartland v. Kraft Foods*, 137 S. Ct. 1514, 1520-21 (2017).

The plaintiff bears the burden of establishing proper venue after an objection to venue has been raised.  *See Ring v. Roto-Rooter Servs. Co.*, No. 1:10-cv-179, 2010 U.S. Dist. LEXIS 108202, at * 9 (S.D. Ohio Sept. 28, 2010) (Dlott, J) (citation omitted).  A district court has discretion to choose the appropriate procedure of deciding a motion to dismiss for improper venue: it may hold an evidentiary hearing or it may determine the motion without a hearing on the basis of the affidavits alone.  *Id.*

If the Court determines that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

4

## III. ANALYSIS

**A. Venue in the Southern District of Ohio is Improper.**

First, Defendant argues that venue is improper because it does not "reside" in this judicial district. (Doc. 5-1 at 1). The Court agrees. Corporate patent defendants only "reside" for purposes of patent venue in the state in which they are incorporated. *TC Heartland*, 137 S. Ct. at 1520-21. Defendant is incorporated in Nevada. (Doc. 5-2 at ¶ 2). Plaintiff has not set forth any evidence or argument to suggest that Defendant "resides" in this judicial district.

Second, Defendant argues that venue is improper because Defendant does not maintain a regular and established place of business in this judicial district. (Doc. 5-1 at 2). The Court agrees. Defendant submitted affirmative evidence that it has never sold any product or service in this state, does not have any employees or agents in this state, does not own or lease any property in this state, and does not maintain <u>any</u> business operations in this state. (Doc. 5-2 at ¶¶ 5-6, 8-9). Again, Plaintiff has not set forth any evidence or argument to the contrary.

Accordingly, because it is undisputed that Defendant does not reside, or maintain a regular and established place of business, in the Southern District of Ohio, venue is improper in this district. *See* 28 U.S.C. § 1400(b).

**B. The Court will transfer this case to the District of Nevada.**

Having determined that venue is improper in this district, the Court is instructed to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). District courts are afforded

5

broad discretion in considering whether to dismiss or to transfer, "however wrong the plaintiff may have been in filing his case as to venue." *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

Here, Defendant requested that the Court transfer this case to the District of Nevada. It is undisputed that venue would be proper in Nevada, where the Defendant "resides" for purposes of the patent venue statute, 28 U.S.C. § 1400(b). Plaintiff has not set forth any argument as to why a transfer to the District of Nevada would be contrary to the interest of justice. In light of this Court's preference for cases to be decided on the merits, the Court finds it is in the interest of justice to transfer this case to the District of Nevada—where it "could have been brought" initially—rather than dismiss it.

### C. Plaintiff's argument regarding waiver fails.

Plaintiff did not set forth any arguments regarding the merits of Defendant's motion or the propriety (or impropriety) of a transfer. Instead, Plaintiff relies exclusively on its argument that the Court should deny Defendant's motion because Defendant waived its ability to challenge venue. (Doc. 6 at 1-3).

Specifically, Plaintiff argues that it allowed Defendant an extension of time to answer the Complaint in exchange for Defendant's agreement to not "challeng[e] the complaint on Rule 12 or 13 grounds." (Doc. 6 at 3).

The terms and circumstances of the June 9, 2017 "agreement" between Plaintiff's counsel (Mr. Cupar) and Defendant's initial out-of-state attorney (Mr. Austin) are the subject of much debate. Mr. Austin argues that he only agreed to file an answer (and not a motion) because Mr. Cupar told him this Court's local rules prohibited parties from

6

filing any pleading other than an answer after their initial deadline to respond to the Complaint passed. (Doc. 7-1 at ¶ 7). Accordingly, Defendant argues its "agreement" to file an answer (and not a motion) was the result of fraud in the inducement. (Doc. 7 at 4). Unsurprisingly, Mr. Cupar claims he never told Mr. Austin that the local rules barred a Rule 12 motion. (Doc. 8-2 at ¶ 5).

Ultimately it does not matter whose account of the June 9, 2017 conversation is correct. Plaintiff's waiver argument fails for two reasons.

First, the Court's docket does not reflect a waiver of venue. The Federal Rules of Civil Procedure provide that a defendant waives the defense of, *inter alia*, venue, by (i) omitting it from a motion in the circumstances described in Rule 12(g)(2), (ii) failing to "make it by motion under [Rule 12]," or (iii) failing to "include it in a responsive pleading." Fed. R. Civ. P. 12(h)(1). It is undisputed that Defendant objected to venue in its first filing, a motion to dismiss or transfer. (Doc. 5).

Second, whether Defendant waived the right to "challenge the complaint under Rule 12," is irrelevant. This Court has authority to transfer cases, *sua sponte*, when venue is improper. *See* 28 U.S.C. § 1406(a); *Bachtel v. Barker*, No. 1:15-cv-434, 2016 U.S. Dist. LEXIS 10149, at * 19 (S.D. Ohio Jan. 28, 2016) ("A court may transfer a case *sua sponte* to a proper venue pursuant to 28 U.S.C. Section 1406(a)"). The Court's power to transfer cases for improper venue arises from 28 U.S.C. § 1406(a), and exists independent of Fed. R. Civ. P. 12. *See J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08-cv-977, 2009 U.S. Dist. LEXIS 11023, at * 84 (N.D. Ohio Feb. 13, 2009) ("courts apply the language of [§ 1406(a)] literally and transfer the case—either pursuant to a motion <u>or</u>

*sua sponte* –if (1) the transferee district is a proper venue and (2) transfer is "in the interests of justice") (emphasis added); *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05 Civ 6893 (MBM), 2006 U.S. Dist. LEXIS 25880, at ** 27-28 (S.D. N.Y. May 1, 2006) ("A court may transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte* even if the defendant moves only to dismiss.").

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to file a Sur-Reply (Doc. 8) is **GRANTED** and Defendant's motion to dismiss for improper venue (Doc. 5) is **GRANTED** in part and **DENIED** in part. Accordingly, this case is hereby **TRANSFERRED** to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

Date: __8/22/17__ 

*Timothy S. Black*
Timothy S. Black
United States District Judge