1   F. Christopher Austin (Nevada Bar No. 6559)
    caustin@weidemiller.com
2   Ryan Gile (Nevada Bar No. 8807)
    rgile@weidemiller.com
3   **WEIDE & MILLER, LTD.**
    10655 Park Run Drive, Suite 100
4   Las Vegas, Nevada 89144
    Telephone: (702) 382-4804
5   Facsimile: (702) 382-4805

6   *Attorneys for Defendant uPost Media, Inc.*

7               **UNITED STATES DISTRICT COURT**

8                    **DISTRICT OF NEVADA**

9

10  NSIXTY, LLC,                          Case No.:   **2:17-cv-02233-KJD-CWH**

                        Plaintiff,
11
                                          **EMERGENCY    MOTION    TO    STAY**
12      v.                                **PENDING   THE   DECISION   ON   THE**
                                          **MOTION      TO      STAY      PENDING**
13  UPOST MEDIA, INC.,                    **REEXAMINATION BEFORE THE UNITED**
                                          **STATES   PATENT   AND   TRADEMARK**
                        Defendant.        **OFFICE**
14

15

16

17          Defendant UPOST MEDIA, INC. ("Defendant" or "uPost") respectfully requests this

18  Court on an expedited basis stay all proceedings (the "Emergency Motion"), including discovery,

19  pending resolution of uPost's October 25, 2017 Motion to Stay Pending Reexamination Before

20  the United State Patent and Trademark Office (the "Motion to Stay).

21          As set forth in the accompanying declaration of counsel under LR II 7-4, counsel for uPost

22  sought to meet and confer with Plaintiff's counsel to stipulate to a stay of all proceedings including

23  discovery pending the Court's ruling on Defendant's Motion to Stay. (*See* Declaration of F.

24  Christopher Austin, *infra*, at ¶¶7-8.)  Having received no responses from Plaintiff's counsel to its

25  proposal, uPost brings this Emergency Motion.  *Id.*  uPost brings this Motion because it does not

26  have the wherewithal to engage in discovery or discovery disputes raised by Plaintiff during the

27  pendency of its Motion to Stay.  *Id.* at ¶¶3-5; *see also, See* Declaration of Richard Dural in Exhibit

28  1 of the Motion to Stay (ECF #27), reattached as Exhibit 1 herein for convenience.  Absent a stay,

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

BGP-W-1937-final                              1

1   uPost will unfairly be forced to close its business and default on this matter, a matter on which it
2   would otherwise prevail on the merits.  Austin Dec. at ¶¶3-5; Exh. 1.

3          As noted in uPost's December 1, 2017, Supplement to the Motion to Stay, the United
4   States Patent and Trademark Office has determined that substantial new questions of patentability
5   exist concerning the asserted patents and has ordered *Ex Parte* Reexamination of all claims in
6   each of the asserted patents.  *See* Sup. Mot. Stay, (ECF #36 ).  uPost maintains that any impartial
7   observer would almost instantly conclude upon a brief review of the claims in the asserted patents
8   that the patent claims could not possibly have been novel and non-obvious as of the effective
9   filing date of the asserted patents.

10         As noted in the Defendant's Motion to Stay, uPost is not yet a profitable company, and
11  does not have the means to withstand the expense of federal patent litigation even though it is
12  fully confident it would ultimately prevail in such an action. Exh. 1.  As such, uPost has defended
13  itself in the only affordable means available to it, by properly filing a Request for Ex Parte
14  Reexamination of the asserted patents and requesting this Court to stay these proceedings until
15  the USPTO finds the patents invalid as provided by Congress when it established the Ex Parte
16  Reexamination proccess.  *See* Exh. 1.

17         As noted in uPost's January 5, 2017, Supplement to the Motion to Stay, on January 4,
18  2018, the U.S. District Court for the District of Maryland stayed similar litigation brought by
19  nSixty against a2z Inc. and Pixe LLC.  nSixty, aware of all the foregoing, immediately contact
20  uPost's attorneys alleging that uPost's responses to its discovery requests were inadequate and
21  requesting that uPost provide additional responses. *See* Exhibit 2 Email from Matthew J.
22  Cavanagh.  Further nSixty also sent an outrageous settlement proposal, incredulously arguing that
23  uPost has engaged in overly-aggressive litigation tactics. *See* Exhibit 3 Email from Matthew J
24  Cavanagh.

25         nSixty is well-aware of the weaknesses of its patents and infringement contentions, and
26  given the Stay in the copending case, seeks to exert its only means of leverage against uPost;
27  namely, the burden of litigation costs to uPost. uPost has in no instance engaged in any aggressive
28  or overly litigation tactics, as it simply cannot afford to do so. The only aggressive tactics in this

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

BGP-W-1937-final                              2

case have come from the party that filed the law suit. Indeed, as stated in the Declaration of Richard Dural in Exhibit 1, uPost will not be able to withstand the costs of continued discovery requests and disputes.  As nSixty has been made aware, uPost has not yet been able to pay all its attorney's fees, and, thus, cannot continue to authorize further legal work in this case.

Given the foregoing, allowing this case to proceed, or delaying a decision on the Motion to Stay Pendnig Reexamination without staying this case is tantamount to not only denying uPost's Motion to Stay Pending Reexamination, but will be dispositive on the proceedings itself. *See* Austin Decl., *infra,* at ¶¶ 3-4.  Accordingly, so that this case may be decided on the merits and not by the costs of the process when federal law already provides for a stay of litigation in favor of an already commenced USPTO reexamination just for the purpose of avoiding having the costs of the process rather than the merits determine outcomes, uPost respectfully requests that this court stay all proceedings, including discovery until the Court enters and order on uPost's Motion to Stay Pending Reexamination Before the United State Patent and Trademark Office.

Dated this 15th day of January 2018.

WEIDE & MILLER, LTD.


By:  */s/ F. Christopher Austin*
     F. Christopher Austin
     caustin@weidemiller.com
     Ryan Gile
     rgile@weidemiller.com
     Bank of Nevada Bldg., 5th Floor
     7251 W. Lake Mead Blvd., Ste. 530
     Las Vegas, NV 89128

     Attorneys for Defendant, Defendant uPost Media, Inc.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

BGP-W-1937-final                                    3

## DECLARATION OF F. CHRISTOPHER AUSTIN

## IN ACCORD WITH LR II 7-4

I, F. Christopher Austin, declare under penalty of perjury under the laws of the United States of America that the following is true and correct based on my personal knowledge, information or belief.

1.      I am an attorney with the law firm of Weide & Miller, Ltd. which is counsel of record for the Defendant in this action and make this declaration in support of Defendant's Emergency Motion to Stay Pending Reexamination Before the United States Patent and Trademark Office.  This Declaration is made in accordance with the requirements set forth in LR II 7-4.

2.      I make this Declaration based on personal knowledge and, if called and sworn as a witness, I could and would competently testify as set forth below.

3.      As set forth in the Declaration of Richard Dural in Support of Motion to Stay Pending Reexamination Before the United States Patent and Trademark Office, attached hereto for the convenience of the Court as Exhibit 1, uPost has no financial ability to continue to defend this case or to engage in discovery or discovery disputes.

4.      Knowing this, Plaintiff's counsel has sought to take advantage of uPost inability to further fund the defense of this action by raising numerous discovery disputes and making several discovery demands, and by demanding uPost immediately respond to the same or face the costs and expense of defending motions to compel.  Attached as Exhibit 2 to the Motion is a true and accurate copy of a January 5, 2018, email from Matthew J. Cavanagh, counsel for Plaintiff, setting forth such demands.

5.      Mr. Cavanagh also sent a email on the same day claiming that uPost had engaged "overly-aggressive litigation tactics" in an apparent effort to further cause uPost to expend funds on attorneys it does not have to engage in fruitless settlement discussions.  Attached as Exhibit 3 si a true and accurate copy of this January 5, 2018, email from Mr. Cavanagh.  Plaintiff knows full well uPost has no funds to pay in settlement, nor would uPost agree to any settlement requiring

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

BGP-W-1937-final                                    4

1  it to pay anything when all the claims asserted by Plaintiff are presently subject to denial in the

2  ongoing Reexamination process before the USPTO.  The issue is really whether uPost can survive

3  the time required for the Court to rule on its Motion to Stay Pending Reexamination, which is the

4  reason for this Emergency Motion.

5        6.    In those demands, Plaintiff's counsel threatened to take action if uPost was unable

6  to produce satisfactory responses by January 12, 2018.  uPost views these demands as a tactic to

7  bring uPost to its knees and cause the closure of its business under the threat of interminable legal

8  costs regarding discovery and settlement.  Rather than face an imminent threat of further motion

9  practice on discovery disputes, uPost brings this Motion on an emergency basis requesting the

10  Court's assistance to stay all such actions until the Court rules on uPost's pending Motion to Stay

11  Pending the Reexamination proceedings presently underway before the USPTO.

12        7.    To that end after receiving Plaintiff's January 5, 2018, email and discussing the

13  same with uPost's principals, I reached out to Mr. Cavanagh by email on January 9, 2018, and by

14  phone on January 11th, requesting a stipulation to stay discovery (in addition to the stay presently

15  in place) until the Court rules on uPost's Motion to Stay Pending Reexamination.  Attached as

16  Exhibt 4 is a true and accurate copy of my email response to Mr. Cavanagh.

17        8.    To date, I have received no response to either my email or phone requests, but to

18  avoid having to further engage in discovery or other disputes until the Court rules on uPost's

19  Motion to Stay Pending Reexamination, uPost brings the foregoing Motion on an Emergency

20  Basis to stay all actions in this matter including discovery pending the same.

21      Dated this 15th day of January 2018.

24  F. Christopher Austin, Esq.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

BGP-W-1937-final                    5

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of WEIDE & MILLER, LTD. and that on January 5, 2018, I served a full, true and correct copy of the foregoing **EMERGENCY MOTION TO STAY PENDING THE DECISION ON THE MOTION TO STAY PENDING REEXAMINATION BEFORE THE UNITED STATES PATENT AND TRADEMARK OFFICE** via the United States District Court's CM/ECF filing system upon the following:

Michael D. Rounds
Brownstein Hyatt Farber Schreck, LLC
5371 Kietzke Lane
Reno, NV 89511
mrounds@watsonrounds.com

David B. Cupar
Matthew J. Cavanagh
McDonald Hopkins LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, OH 44114
dcupar@mcdonaldhopknis.com
mcavanagh@mcdonaldhopkins.com

*/s/ Sally Wexler*
An employee of WEIDE & MILLER, LTD.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

BGP-W-1937-final

6

# EXHIBIT 1

# EXHIBIT 1

1  F. Christopher Austin (Nevada Bar No. 6559)
   caustin@weidemiller.com
2  Ryan Gile (Nevada Bar No. 8807)
   rgile@weidemiller.com
3  **WEIDE & MILLER, LTD.**
   Bank of Nevada Bldg., 5th Floor
4  7251 West Lake Mead Blvd., Ste. 530
   Las Vegas, Nevada 89128
5  Telephone: (702) 382-4804
   Facsimile: (702) 382-4805
6
7  *Attorneys for Defendant uPost Media, Inc.*

8                  **UNITED STATES DISTRICT COURT**

                        **DISTRICT OF NEVADA**
9

10 NSIXTY, LLC,                          | Case No.:  **2:17-cv-02233-KJD-CWH**

11                 Plaintiff,

12     v.                                   **DECLARATION OF RICHARD DURAL IN
                                            SUPPORT OF MOTION TO STAY
13 UPOST MEDIA, INC.,                       PENDING REEXAMINATION BEFORE
                                            THE UNITED STATES PATENT AND
14                 Defendant.               TRADEMARK OFFICE**

15

16

17         I, Richard Dural, declare under penalty of perjury under the laws of the United States

18 that the following is true and correct:

19         1.      I am over the age of 21, under no disability, and am competent to testify to the

20 matters contained in this declaration.  I make this declaration in support of uPost's Motion to

21 Stay Pending Reexamination before the United States Patent and Trademark Office ("Motion to

22 Stay").

23         2.      I am the President and Secretary of uPost Media, Inc., ("uPost").   uPost is

24 registered in the state of Nevada and maintains its corporate headquarters in Las Vegas, Nevada.

25         3.      uPost markets to businesses serving customers in the retail service industries (e.g.

26 gaming, amusement, bar and restaurant, events, hotel, travel destinations, etc.)

27         4.      uPost is in the business of helping businesses increase sales and visibility by

28 providing "Selfie Solution" kiosks at business locations where visitors can obtain digital copies

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0608                                        1

of photographs of themselves and those in their group at the client business location in which the business location is the background of the image. These "Smart Selfies" are then enhanced with the client business brand so that when visitors share the images on email or social media, the business brand gains grass-root marketing exposure.

5.      In addition, uPost collects marketing data from kiosk patrons to help their business customers improve their marketing efforts.

6.      True and accurate copies of print outs from uPost's website detailing uPost's business model are attached to the Motion to Stay as Exhibit 8

7.      As indicated in Exhibit 8, uPost employs the same "selfie" technology that has long been in the public domain—most notably on smart phones—and places it on a kiosk for the convenience of patrons and pairs it with branding and data marketing software for the benefit of its business customers.

8.      As noted in uPosts response to NSixty's complaint, not only does uPost deny it infringes either of the NSixty patents, because its kiosks do not perform all the elements claimed by the patents, uPost maintains that NSixty's patents are invalid since as indicated in the Reexamination petitions the technology claimed by NSixty was disclosed and in the public domain long before NSixty's patents issued.

9.      In addition, uPost's business is not competitive with NSixty. uPost business presence is almost entirely limited to the Las Vegas, Nevada area. To my knowledge, uPost has no kiosks in any state in which NSixty is present or competing.

10.      As President and Secretay of the business, I am personally aware of uPost's financial situation. The uPost business is fledgling. It has yet to post a profit. As such, uPost likely could not withstand the expense of federal patent litigation even though it is confident it would ultimately prevail in such an action.

11.      In fact, uPost cannot even afford to engage in an adverse inter parties review ("IPR") process before the USPTO.

12.      An IPR proceeding is far more expensive than an *ex parte* reexamination. This is because in addition to much steeper filing fees, the petitioner in an adverse IPR proceeding

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0608                                          2

1   needs patent counsel to respond to any filings or claims brought by the patent holder.

2          13.    In an *ex parte* reexamination proceeding, the petitioner files the petition and has

3   no further input in the process.

4          14.    So, even though I believe an IPR proceeding may have given uPost a better

5   opportunity to challenge NSixty's patents, uPost is unable to bring such a petition because it

6   does not have sufficient revenue or capital to sustain it.

7          15.    Thus, the only means uPost has to challenge what we sincerely believe are

8   invalid patents is the *ex parte* reexamination process.  So, as provided by the statute and in

9   accordance with the reasons that the *ex parte* reexamination process was adopted by Congress

10  (to reduce the unfair burden of defending against patent's of questionable validity), that is the

11  process we initiated.

12         Dated: September 24, 2017

13

14                                          _____
                                            Richard E. Dural
15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0608                              3

# EXHIBIT 2

# EXHIBIT 2

**Brian Prince**

| | |
|---|---|
| **From:** | Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com> |
| **Sent:** | Friday, January 05, 2018 8:15 AM |
| **To:** | F. Christopher Austin |
| **Cc:** | Weaver, Ashley; Cupar, David B.; 'Rounds, Mike'; Brian Prince; James Morris |
| **Subject:** | NSixty v. uPost -- discovery |
| **Attachments:** | RE: NSixty v. uPost -- Jan. 5 settlement conference |

Chris:

I'm writing to follow up on my December 18 and 20 emails, attached. NSixty's consent motion to stay the January 5 settlement conference was made with the understanding that uPost would cooperate in providing full responses to NSixty's discovery requests, at least as they relate to financial and sales information, as well as its bases for non-infringement, invalidity, and unenforceability, if any.

As non-limiting examples:

    - uPost refused to respond to Interrogatory No. 9, which seeks information about each revenue-producing transaction for the accused products. While uPost did produce some sales documents in response to RFP No. 5, those documents are incomplete. They span only the time frame of January to October for the years 2016 and 2017. Data for the months of November and December are missing. More, uPost's interrogatory responses indicate the Stand-Alone Kiosk 19" Screen has been available to customers since January 2013 and the Stand Alone Kiosk Break Down Unit has been available since June 2014. The '115 patent issued on December 31, 2013. Please provide a full response to RFP No. 5, dating from December 31, 2013.

    - Further, no documents responsive to RFP Nos. 15 and 16 have been produced, even though uPost stated it would produce these documents. Please produce these.

    - As to its defenses, uPost claimed privilege over all documents relating to the asserted patents (RFP No. 7), those considered in preparing its contentions (RFP No. 12), and those relating to alleged prior art (RFP No. 19). Please confirm, then, that uPost's invalidity, non-infringement, and unenforceability contentions are limited to those invalidity grounds raised in the ex parte reexaminations. If not, please produce uPost's contentions and the supporting documents as required by the Court's scheduling order and NSixty's discovery requests, including RFP Nos. 7, 12, and 19 and Interrogatory Nos. 15-19.

We are required to report back to the Court on February 2 with the status of obtaining this discovery and discussing settlement. Please let me know if you will be able to provide the requested information by Friday January 12. That will give NSixty one week to evaluate it, and the parties will have two weeks to discuss settlement. I look forward to your cooperation. Thank you.

**Matt Cavanagh**
Member

T: 216.348.5730
F: 216.348.5474
mcavanagh@mcdonaldhopkins.com
www.mcdonaldhopkins.com

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

1



# EXHIBIT 3

# EXHIBIT 3

**Brian Prince**

---

| | |
|---|---|
| **From:** | Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com> |
| **Sent:** | Friday, January 05, 2018 8:26 AM |
| **To:** | F. Christopher Austin |
| **Cc:** | Weaver, Ashley; Cupar, David B.; 'Rounds, Mike'; Brian Prince; James Morris |
| **Subject:** | NSixty v. uPost |

Chris,

NSixty offers the following to settle this case: uPost pays $100,000, and in return it receives a release for past infringement and a paid-up license for future sales.

The amount of NSixty's offer reflects, in part, uPost's inefficient and overly-aggressive litigation tactics that forced NSixty to incur significant legal fees in responding to a motion to transfer, responding to the ex parte reexaminations (which fees continue to be incurred), opposing the motion to stay, producing detailed patent infringement disclosures, and dealing with uPost's refusal to produce discovery needed for the case and to evaluate settlement. Given the relatively low revenues that we have seen so far, uPost should have disclosed its sales immediately when NSixty first requested it. That way, the parties could have streamlined their discussions in a productive way and put their money and efforts towards a settlement. By holding back that relevant information, which precluded the parties from having real settlement talks, uPost has unnecessarily run up both sides legal bills and not moved the parties any closer to settlement and resolution.

We hope to now move past this. To that end, I look forward to having meaningful settlement talks over the next few weeks, with the goal of resolving this manner quickly and in a way that saves both sides from incurring more significant legal fees. I can make myself available for a phone call to talk more about settlement (in accordance with the Court's order granting our stipulation) next week during the day on Tuesday or during the evening hours (in EST time zone) on Monday, Wed., or Thursday. Please let me know what works for you.

Regards,
Matt

**Matt Cavanagh**
Member

**T: 216.348.5730**
**F: 216.348.5474**
**mcavanagh@mcdonaldhopkins.com**
**www.mcdonaldhopkins.com**



# EXHIBIT 4

# EXHIBIT 4

**Brian Prince**

| | |
|---|---|
| **From:** | F. Christopher Austin |
| **Sent:** | Tuesday, January 09, 2018 4:09 PM |
| **To:** | Cavanagh, Matthew J. |
| **Cc:** | Weaver, Ashley; Cupar, David B.; 'Rounds, Mike'; Brian Prince |
| **Subject:** | RE: NSixty v. uPost -- discovery |
| | |
| **Importance:** | High |

Matt:

As you know, uPost does not have the funds to engage in further discovery in this matter.  Will you agree stipulate to stay discovery until the court rules on our motion to stay the case pending the Re-examinations before the USPTO?

I am available to meet and confer regarding these issues tomorrow after 10 a.m. (Pacific).

Chris

**F. Christopher Austin**

# Weide & Miller, Ltd.

10655 Park Run Drive
Suite 100
Las Vegas NV 89144
702.610.9094 Mobile
702.382.4804 Office
702.382.4805 Fax
caustin@weidemiller.com | www.weidemiller.com

This communication is for its intended recipient only, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (702-382-4804) or e-mail reply, delete it from your system, and destroy any hard copy you may have printed. Thank you. Pursuant to IRS Circular 230, any tax information or written tax advice contained herein (including any attachments) is not intended to be and can neither be used by any person for the purpose of avoiding tax penalties nor used to promote, recommend or market any tax-related matter addressed herein.

**From:** Cavanagh, Matthew J. [mailto:mcavanagh@mcdonaldhopkins.com]
**Sent:** Friday, January 05, 2018 8:15 AM
**To:** F. Christopher Austin <caustin@weidemiller.com>
**Cc:** Weaver, Ashley <aweaver@mcdonaldhopkins.com>; Cupar, David B. <dcupar@mcdonaldhopkins.com>; 'Rounds, Mike' <MRounds@BHFS.com>; Brian Prince <bprince@weidemiller.com>; James Morris <JMorris@weidemiller.com>
**Subject:** NSixty v. uPost -- discovery

Chris:

I'm writing to follow up on my December 18 and 20 emails, attached. NSixty's consent motion to stay the January 5 settlement conference was made with the understanding that uPost would cooperate in providing full responses to NSixty's discovery requests, at least as they relate to financial and sales information, as well as its bases for non-infringement, invalidity, and unenforceability, if any.

As non-limiting examples:

- uPost refused to respond to Interrogatory No. 9, which seeks information about each revenue-producing transaction for the accused products. While uPost did produce some sales documents in response to RFP No. 5, those documents are incomplete. They span only the time frame of January to October for the years 2016 and 2017. Data for the months of November and December are missing. More, uPost's interrogatory responses indicate the Stand-Alone Kiosk 19" Screen has been available to customers since January 2013 and the Stand Alone Kiosk Break Down Unit has been available since June 2014. The '115 patent issued on December 31, 2013. Please provide a full response to RFP No. 5, dating from December 31, 2013.

- Further, no documents responsive to RFP Nos. 15 and 16 have been produced, even though uPost stated it would produce these documents. Please produce these.

- As to its defenses, uPost claimed privilege over all documents relating to the asserted patents (RFP No. 7), those considered in preparing its contentions (RFP No. 12), and those relating to alleged prior art (RFP No. 19). Please confirm, then, that uPost's invalidity, non-infringement, and unenforceability contentions are limited to those invalidity grounds raised in the ex parte reexaminations. If not, please produce uPost's contentions and the supporting documents as required by the Court's scheduling order and NSixty's discovery requests, including RFP Nos. 7, 12, and 19 and Interrogatory Nos. 15-19.

We are required to report back to the Court on February 2 with the status of obtaining this discovery and discussing settlement. Please let me know if you will be able to provide the requested information by Friday January 12. That will give NSixty one week to evaluate it, and the parties will have two weeks to discuss settlement. I look forward to your cooperation. Thank you.

**Matt Cavanagh**
Member

T: 216.348.5730            600 Superior Avenue East
F: 216.348.5474            Suite 2100
mcavanagh@mcdonaldhopkins.com            Cleveland, OH 44114
www.mcdonaldhopkins.com

