Michael D. Rounds (NV Bar No. 4734)
BROWNSTEIN HYATT FARBER SCHRECK, LLC
5371 Kietzke Lane
Reno, Nevada 89511
t 775-324-410 | f 775-333-8171
mrounds@watsonrounds.com

David B. Cupar (admitted *pro hac vice*)
Matthew J. Cavanagh (admitted *pro hac vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216-348-5400 | f 216-348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Plaintiff NSixty, LLC*

F. Christopher Austin, Esq. (NV Bar No. 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
t 702-382-4804 | f 702-382-4805
caustin@weidemiller.com

*Attorneys for Defendant uPost Media, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NSixty, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>uPost Media, Inc.,<br><br>  Defendant. | Case No. 2:17-Cv-02233-KJD-CWH<br><br>**JOINT STATUS REPORT** |

In accordance with the Court's December 22, 2017, minute order (ECF #35), the parties provide this joint status report.

In May 2017, plaintiff NSixty, LLC ("NSixty") sued defendant uPost Media, Inc. ("uPost") in the United States District Court for the Southern District of Ohio, Western

Division, alleging infringement of U.S. Patent 8,619,115 (the "'115 Patent") and U.S. Patent 9,313,456 (the "'456 Patent").

On August 22, 2017, the Ohio District Court found venue was improper and transferred the case to this District. uPost filed its Answer on September 5, 2017.

On October 11, 2017, uPost petitioned the United States Patent and Trademark Office ("USPTO") for *ex parte* reexamination of every claim in the '115 and '456 Patents, and on October 25, 2017, moved this Court to stay all proceedings in favor of the reexamination process. (ECF #26.) Prior to the filing of its Motion to Stay but in anticipation of it, uPost asked the Court in its proposed scheduling order to decline to enter a scheduling order in this case, pending outcome of the patent reexamination proceedings. (ECF #22 at Page 2 of 10.) The Court rejected uPost's request and entered a scheduling order governing the deadlines to be followed in this case. (ECF #23.) The Court also ordered a settlement conference be held on January 5, 2018. (ECF #24.)

On December 22, 2017, the Court stayed all deadlines in this case until February 2, 2018, as requested in a consent motion to vacate filed by Plaintiff. (ECF #35.)

On January 15, 2018, uPost filed an Emergency Motion to Stay this Case pending a decision by the Court on its motion to stay in favor of the reexaminations proceeding underway before the USPTO. (ECF #37.)

Discovery deadlines and the deadlines set forth in the scheduling order as well as their progress to date are set forth in the following table:

| Event | Deadline | Status |
|---|---|---|
| Initial Disclosures | November 1, 2017 | Completed |
| Protective Order | November 1, 2017 | Entered (ECF #33) |
| NSixty's Infringement Contentions and supporting documents | November 1, 2017 | Plaintiff's position: Completed<br>Defendant's position: Incomplete and vague contentions that do not address all claim limitations provided November 10. |
| uPost's responses to NSixty's written discovery requests | November 16, 2017 | Plaintiff's position: partial responses served December 11, 2017<br>partial document production made December 14, 2017 |

{7209392:2}  2

|  |  | Defendant's position: Completed – All required and available responses have been provided. |
|---|---|---|
| uPost's Non-Infringement, Invalidity, and Unenforceability Contentions | December 15, 2017 | Plaintiff's position: uPost has conceded it has none other than those identified in its reexamination requests |
|  |  | Defendant's position: Stayed by Court order (ECF #35) |
| NSixty's response to uPost's contentions | December 29, 2017 | stayed by Court order (ECF #35) |
| Pre-claim construction settlement conference | January 5, 2018 | stayed by Court order (ECF #35) |
| all remaining deadlines |  | stayed by Court order (ECF #35) |

**Plaintiff's Position:**

As indicated in NSixty's consent motion to vacate the scheduling order (ECF #34), NSixty and uPost have been known to each other for more than three years. Since that time, and most recently through written discovery requests, NSixty has sought financial information from uPost to form the basis for settlement discussions. uPost has produced what NSixty contends is incomplete information. uPost has now conceded it has no non-infringement, invalidity, or unenforceability contentions except those identified in its reexamination petitions.

uPost's incomplete discovery responses and document production prompted NSixty to move the Court to vacate the scheduling order. (December 18, 2017, email from Cavanagh to Austin (Exhibit A).) NSixty explicitly informed uPost that the purpose of the motion to vacate was to permit NSixty to gather from uPost the information NSixty needed to evaluate settlement of the case. (*Id.*) NSixty stated in its motion to vacate that the parties and the Court would be best served if NSixty and uPost worked informally together to gather the financial data and contention information needed to support settlement talks. (ECF #34.) When uPost consented to the motion, NSixty had understood uPost was agreeing to cooperate in these efforts. Presumably the Court did, too, as it granted the motion to vacate on December 22, 2017 (ECF #35) but chose again not to grant uPost's motion to stay.

{7209392:2 }                                3

1  On January 5, 2018, NSixty repeated its requests that uPost produce the financial information needed to assess the case. (January 5, 2018, email from Cavanagh to Austin (Exhibit B).) NSixty also made a renewed settlement offer on January 9, which uPost rejected that day. Instead of providing the information requested or conferring about the scope of what NSixty sought, uPost requested a voluntary stay of discovery and then filed its emergency motion to stay. (ECF #37.) uPost has not produced or offered to produce any further information since the Court granted the motion to vacate. Settlement talks are not progressing at this time.

To the extent uPost requires an *automatic* stay to protect their business, they clearly recognize that a bankruptcy filing is the proper mechanism to achieve this. Failing to abide by the Court's scheduling order is not. NSixty does not wish to drive uPost into bankruptcy. That would be counter to NSixty's interests. However, uPost's financial production is for only certain months out of the year and is not current. NSixty cannot take uPost's word for it that all of its income was not booked in one of the months that has not yet been produced in discovery. Nor does NSixty seek to circumvent Congress' intent. No stay has been entered in this case. uPost has no legal basis to refuse to participate.

**Defendant's Position:**

The USPTO entered an order granting the reexamination of every claim in the '115 Patent on October 27, 2017, and similarly granted the reexamination of every claim in the '456 Patent on November 17, 2017, finding substantial new questions of patentability on every claim in both patents. (ECF #36.)  The USPTO reexamination proceeding is independent of any actions by the parties.  It cannot be terminated by stipulation of the parties.

On January 4, 2018, the U.S. District Court for the District of Maryland stayed an infringement action brought by Plaintiff in that court on the same two patents in favor of the same USPTO reexamination orders. (ECF #36.)

As uPost has maintained from the outset of this litigation, NSixty is improperly using the costs of litigation to seek to bankrupt uPost or extract a nuisance settlement for patents that are unenforceable and invalid and against which the USPTO has initiated reexamination proceedings. (ECF #27, 36.)  The United States Congress enacted the reexamination process to avoid such an abuse of the federal court system as set forth in the uPost's Motion to Stay in favor of Reexamination (ECF #27).  For this reason, uPost continues to plead, petition and beg the Court to stay all proceedings in this case in favor of reexamination or at a minimum to stay all proceedings until the Court can rule on the Motion to Stay in favor of reexamination. (ECF #27, 37.)

As set forth by uPost from the outset of this action, uPost does not have the wherewithal to engage in litigation.  NSixty knows this and is unfairly using its superior financial position to cause uPost to go further into debt in this litigation in the hope that the Court will further be delayed in acting on uPost's Motions to Stay until uPost is forced out of business without regard to the merits of its case.  uPost maintains that NSixty will suffer no prejudice by such a stay, as evidenced by NSixty's three-year delay in bringing this action.  This is because the parties are not in the same competitive markets, being separated by half a continent.  On the other hand, absent a stay, uPost will be forced to close its doors due to the cost of litigation.

NSixty's contentions, that uPost should file bankruptcy if it wants an "automatic" stay furthers uPost's point that NSixty is seeking to use this litigation process in contravention of Congressional intent.[1]  No doubt, NSixty would like uPost to go bankrupt, but Congress instituted the reexamination process in part to help victims of the patent litigation process—such as uPost—from having to file bankruptcy or otherwise go out of business by providing for a "reexamination stay" (a stay pending the completion of the USPTO reexaminations) that could render the litigation moot by finding the patents invalid.

---

[1] *Canady v. Erbe Elecktomedizin GmbH,* 271 F. Supp. 2d 64, 78 (D. D.C. 2002) ("Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO."); *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983).

1  That is the case here. All the conditions warranting a "reexamination stay" are present;
2  however, because uPost understands the Court requires additional time to rule on uPost
3  motion for a reexamination stay, uPost filed its unopposed Emergency Motion for a Stay
4  pending the Court's decision, because the Congressional purposes for a reexamination stay
5  will be thwarted and uPost will be materially prejudiced if this case continues to proceed
6  while the parties await the Court's ruling on uPost's Motion for a reexamination stay,

7  Because the reexamination process cannot be terminated by stipulation of the
8  parties, it makes no sense to engage in settlement discussions that cannot terminate that
9  independent USPTO process. uPost believes NSixty is using the litigation process, including
10 seeking to enlist the Court to force uPost into settlement discussions, not with the real
11 intent of securing a settlement but to use the costs of the process to drive uPost out of
12 business, leaving uPost with a hollow victory should the USPTO subsequently invalidate the
13 patents.

14 As set forth in uPost's January 9, 2018 email in response to NSixty (attached hereto
15 as Exhibit C)uPost offered to meet and confer on a full stay of discovery, but never received
16 any response to its request.

17 In its Motion to Stay in favor of reexamination, uPost stipulated to be bound to the
18 invalidity contentions set forth in its Reexamination applications as to all of the patent
19 claims asserted in this action. (ECF #29 at 2.)

20 NSixty's allegation that it set forth a reasonable settlement offer is incorrect and
21 improper. Given uPost's conviction that the Patents are unenforceable and will be
22 invalidated by the USPTO reexamination proceedings that cannot be stayed or terminated
23 by any action of uPost, no settlement requiring payment by uPost would be reasonable until
24 the reexaminations are complete. Further, NSixty's proposed settlement offer exceeded any
25 amount discussed during all previous correspondence between the parties. That this offer
26 was rejected should not have come as any surprise to NSixty.

27 NSixty's contention that uPost's disclosed financial information was not current is
28 false. uPost produced its financial records through the most recent quarter. Specifically,

1  uPost produced on December 13, 2017, its complete financial records for the previous two
2  years through the third quarter of 2017. As the fourth quarter's financial records were not
3  yet completed, they were not in the possession of uPost to produce. Having the benefit of
4  two years of complete financial data showing a year over year decline in revenue, Nsixty's
5  contention that absent the last partial quarter NSixty is not able to determine uPost's
6  financial status is unfounded.

7  NSixty's request that uPost produce all previously requested documents fails to
8  account for uPost's response that it had already provided all information in its possession
9  that it was required by rule to disclose.  uPost – concerned that it would be facing a motion
10  to compel or further efforts to waste its funds in a litigation that should be stayed pending
11  the reexaminations – sought relief from the Court by bringing an Emergency Motion to Stay
12  pending the Court's ruling on uPost's Motion to Stay in favor of reexamination by the
13  USPTO (ECF #37).  This Motion was brought in response to Plaintiff's demand for a meet
14  and confer prior to bringing a motion to compel.  No opposition was ever filed. (ECF #38.)
15  Thereafter, uPost has received absolutely no contact from NSixty until preparing this report.
16  Rather, NSixty appears to continue to use the leverage of litigation against uPost to either
17  force uPost into a nuisance settlement or bankruptcy.  NSixty, consistent with its previous
18  inaction, did not oppose uPost's Emergency Motion to Stay. (ECF# 38).

| Dated: February 2, 2018 | Respectfully submitted, |
|---|---|
| /s/ F. Christopher Austin | /s/ Matthew J. Cavanagh |
| F. Christopher Austin, Esq. | David B. Cupar (admitted *pro hac vice*) |
| WEIDE & MILLER, LTD. | Matthew J. Cavanagh (admitted *pro hac vice*) |
| 10655 Park Run Drive, Suite 100 | MCDONALD HOPKINS LLC |
| Las Vegas, Nevada 89144 | 600 Superior Avenue, East, Ste. 2100 |
| t 702-382-4804 │ f 702-382-4805 | Cleveland, Ohio 44114 |
| caustin@weidemiller.com | t 216-348-5400 │ f 216-348-5474 |
|  | dcupar@mcdonaldhopkins.com |
| *Attorneys for Defendant uPost Media, Inc.* | mcavanagh@mcdonaldhopkins.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Michael D. Rounds (NV Bar No. 4734)
BROWNSTEIN HYATT FARBER SCHRECK, LLC
5371 Kietzke Lane
Reno, Nevada 89511
t 775-324-410 | f 775-333-8171
mrounds@watsonrounds.com

*Attorneys for Plaintiff NSixty, LLC*

{7209392:2}                    8

**Certificate of Service**

I certify that on February 2, 2018, I served the above document on all counsel of record through the Court's CM/ECF service.

/s/ _____