# Weaver, Ashley

| | |
|---|---|
| **From:** | Cavanagh, Matthew J. |
| **Sent:** | Friday, January 05, 2018 11:15 AM |
| **To:** | 'F. Christopher Austin' |
| **Cc:** | Weaver, Ashley; Cupar, David B.; 'Rounds, Mike'; Brian Prince; James Morris |
| **Subject:** | NSixty v. uPost -- discovery |
| **Attachments:** | RE: NSixty v. uPost -- Jan. 5 settlement conference |

Chris:

I'm writing to follow up on my December 18 and 20 emails, attached. NSixty's consent motion to stay the January 5 settlement conference was made with the understanding that uPost would cooperate in providing full responses to NSixty's discovery requests, at least as they relate to financial and sales information, as well as its bases for non-infringement, invalidity, and unenforceability, if any.

As non-limiting examples:

    - uPost refused to respond to Interrogatory No. 9, which seeks information about each revenue-producing transaction for the accused products. While uPost did produce some sales documents in response to RFP No. 5, those documents are incomplete. They span only the time frame of January to October for the years 2016 and 2017. Data for the months of November and December are missing. More, uPost's interrogatory responses indicate the Stand-Alone Kiosk 19" Screen has been available to customers since January 2013 and the Stand Alone Kiosk Break Down Unit has been available since June 2014. The '115 patent issued on December 31, 2013. Please provide a full response to RFP No. 5, dating from December 31, 2013.

    - Further, no documents responsive to RFP Nos. 15 and 16 have been produced, even though uPost stated it would produce these documents. Please produce these.

    - As to its defenses, uPost claimed privilege over all documents relating to the asserted patents (RFP No. 7), those considered in preparing its contentions (RFP No. 12), and those relating to alleged prior art (RFP No. 19). Please confirm, then, that uPost's invalidity, non-infringement, and unenforceability contentions are limited to those invalidity grounds raised in the ex parte reexaminations. If not, please produce uPost's contentions and the supporting documents as required by the Court's scheduling order and NSixty's discovery requests, including RFP Nos. 7, 12, and 19 and Interrogatory Nos. 15-19.

We are required to report back to the Court on February 2 with the status of obtaining this discovery and discussing settlement. Please let me know if you will be able to provide the requested information by Friday January 12. That will give NSixty one week to evaluate it, and the parties will have two weeks to discuss settlement. I look forward to your cooperation. Thank you.

**Matt Cavanagh**
Member

T: 216.348.5730
F: 216.348.5474
mcavanagh@mcdonaldhopkins.com
www.mcdonaldhopkins.com

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114



2