**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NSIXTY, LLC, )
               Plaintiff, ) Case No. 2:17-cv-02233-KJD-CWH
vs. ) **ORDER**
UPOST MEDIA, INC., )
               Defendant. )

      Presently before the court is defendant uPost Media, Inc.'s ("uPost") Motion to Stay Pending Reexamination Before the United States Patent and Trademark Office (ECF No. 26), filed on October 25, 2017. Plaintiff NSixty, LLC ("NSixty") filed a response (ECF No. 28) on November 8, 2017. uPost filed a reply (ECF No. 29) on November 16, 2017. uPost filed supplemental replies (ECF Nos. 31, 36) on December 1, 2017, and January 5, 2018, respectively.

      Also before the court is uPost's Emergency Motion to Stay Pending the Decision on the Motion to Stay Pending Reexamination Before the United States Patent and Trademark Office (ECF No. 37), filed on January 15, 2018. NSixty did not file a response. The court held a hearing on these motions on March 8, 2018. (Mins. of Proceedings (ECF No. 44).)

**I.    BACKGROUND**

      This is a patent infringement case brought by NSixty against uPost. The patents at issue are U.S. Patent Nos. 8,619,115 and 9,313,456 (the "NSixty patents"). The NSixty patents are for video communication systems relating to kiosks for digitally recording video messages that can be stored in a database and then accessed through the internet. These kiosks are used at public events, such as sporting events and trade shows. NSixty alleges that uPost's "Selfie Stands" products infringe the NSixty patents and seeks damages and injunctive relief against uPost.

The court entered a scheduling order and, in accordance with the court's local rules, set a pre-claim-construction settlement conference. (Order (ECF No. 23); Order (ECF No. 24).) The next day, uPost moved to stay all proceedings in this case pending the outcome of ex parte reexamination proceedings before the United States Patent and Trademark Office ("PTO"), arguing that the reexamination proceedings pertain to all of the claims in both of the patents that are at issue in this case. According to uPost, the outcome of the reexamination proceedings will moot or narrow the issues in this case, thereby saving resources. NSixty opposes a stay.

Before the court ruled uPost's motion to stay the proceedings, NSixty filed a consent motion to vacate the settlement conference. (Mot. to Vacate Mediation (ECF No. 34).) NSixty represented that based on uPost's partial discovery responses, it appeared the scope of damages was much smaller than earlier believed. NSixty further represented that additional discovery would be required before settlement talks would be productive. NSixty therefore requested that the court vacate the settlement conference to allow uPost to produce additional discovery, for the parties to meet and confer on discovery disputes, and for the parties to attempt to informally settle the case. Accordingly, the court vacated the settlement conference, stayed all deadlines in the scheduling order, and ordered the parties to file a joint status report regarding their discovery disputes and settlement efforts. (Min. Order (ECF No. 35).)

Before the court-ordered status report was due, uPost filed another motion to stay the proceedings, including discovery, pending the court's resolution of its prior motion to stay. uPost argues that it does not have the financial means to engage in discovery or the discovery disputes NSixty has raised. uPost argues that absent a stay, it will be forced to close its business and default in this case. uPost further argues it has not been able to pay its attorney's fees and cannot continue to authorize further legal work in this case. NSixty did not respond to uPost's second motion to stay. The parties subsequently filed the court-ordered joint status report, which indicates that settlement talks are not progressing. (Joint Status Report (ECF No. 39).)

**II.     ANALYSIS**

uPost moves to stay all proceedings in this case, arguing the outcome of the reexamination proceedings pending before the PTO—which seek to invalidate all claims of both NSixty

patents—will moot or narrow this case. Specifically, uPost argues it cannot be found to have infringed if the Nsixty patents are invalid. uPost argues the early stage of this case, including the fact that discovery is not complete and that a *Markman* hearing has not been scheduled, favors a stay. uPost further argues a stay will not prejudice NSixty because the parties are not direct competitors, NSixty has not requested a preliminary injunction, and a stay will not diminish the monetary damages to which NSixty would be entitled if it succeeds on its infringement claims. uPost further argues it is a fledgling business that will be prejudiced by attempting to withstand the expense of federal patent litigation. Regarding the duration of a stay, uPost argues NSixty largely will control the duration because the ex parte reexamination is between the patent owner and the PTO's Central Reexamination Unit ("CRU"), and the process depends on the length of time it takes NSixty to respond to the CRU examiner's requests. Finally, uPost contends that a stay will reduce the burden of litigation on the court and the parties and avoid inconsistent rulings because NSixty has a similar patent-infringement case pending in the United States District Court for the District of Maryland.

NSixty opposes a stay, arguing that reexamination proceedings will not necessarily narrow the issues and that a stay would result in uPost's continued infringement of Nsixty's patents for several years. NSixty further argues the reexamination proceedings could be used as a tactical tool for delay because no estoppel arises from ex parte reexamination. Thus, if the outcome of the reexamination proceedings is that claims are upheld, uPost will not be precluded from asserting invalidity defenses in this litigation that were raised during reexamination. NSixty further argues the parties' respective positions are well-known and therefore few resources are needed to continue litigating. Specifically, NSixty states the parties have been attempting to negotiate a licensing agreement since December 2014, that NSixty has served its initial disclosures and infringement contentions, and that uPost's invalidity positions were detailed in its reexamination requests. Additionally, based on Nsixty's representations in its motion to vacate the settlement conference and the parties' joint status report, it is the court's understanding that the parties were engaging in discovery regarding uPost's sales and profits for the accused products. Regarding the length of the stay, NSixty argues that it has no incentive to delay the reexamination proceedings as its goal is to

3

stop uPost from infringing as soon as possible, thereby limiting its damages. Finally, NSixty argues the Maryland litigation does not bear on this case as it involves a different defendant and different accused products.

In its reply and first supplemental brief, uPost provides documentation indicating the PTO granted reexamination of both patents, which was unknown at the time the motion to stay was filed. (Reply (ECF No. 29), Ex. 1; Supp. (ECF No. 31), Exs. 1-2.) uPost also replies that if the court stays this litigation, it will stipulate to be estopped by the PTO's validity findings. Specifically, it states that if the court stays the litigation, it will agree to be estopped "from later asserting in this action any invalidity claims or defenses raised in the reexamination, [not including] any claims that are amended by NSixty in the reexamination process as such claims have not been asserted and are not presently at issue in this action." (Reply (ECF No. 29) at 2, n.4.) Finally, in its second supplemental brief, uPost states that the District of Maryland stayed a similar patent case brought by NSixty against a different defendant pending PTO reexamination proceedings. (Supp. (ECF No. 36), Ex. 1.)

Reexamination is a procedure under which the PTO reconsiders the validity of an existing patent. 35 U.S.C. §§ 301, *et seq.* "Reexamination of patent validity in the PTO is a 'useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner.'" *Unwired Planet, LLC v. Google Inc.*, No. 3:12-CV-00504-MMD-VPC, 2014 WL 301002, at *4 (D. Nev. Jan. 27, 2014) (citing H. Rep. No. 96–1307(I), at 4). Courts liberally favor staying litigation pending the outcome of PTO reexamination to conserve judicial resources that might unnecessarily be spent on identical claims that may be eliminated or narrowed. *See id.* (collecting cases). It is within the court's discretion whether to impose a stay pending reexamination. *ASCII Corp. v. STD Ent't USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994).

Under Local Patent Rule 1-20, "[t]he court may order a stay of litigation pending the outcome of a reexamination proceeding before the United States Patent and Trademark Office that concerns a patent at issue in the federal court litigation." LPR 1-20. In determining whether to stay litigation, the court considers the circumstances of each particular case, "including without

4

limitation: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, (3) whether discovery is complete, and (4) whether a trial date has been set." *Id.*

Here, while the court is mindful of NSixty's concerns regarding the prejudice that is inherent in a lengthy and indefinite stay as well as continuing infringement during reexamination, a stay would not diminish the monetary damages to which NSixty would be entitled if it ultimately prevails on its infringement claims. Further, based on NSixty's representations in its motion to vacate the settlement conference, it appears the damages in this case are more limited in scope than NSixty anticipated. Thus, any monetary damages resulting from the stay should be limited and do not constitute irreparable harm. Although NSixty argued that not completing discovery at this time would result in irreparable harm separate from financial harm because documents could be lost and witnesses' memories may fade, this risk is inherent in all cases, and there is no indication that uPost will not preserve discovery in this case. Thus, the court finds that the first factor weighs in favor of a stay.

Regarding simplification of issues, because the reexamination proceedings challenge all of the claims in both of the NSixty patents, there is some possibility that the reexamination may cancel the relevant claims, thereby eliminating the need for further litigation. The court is mindful of NSixty's countervailing concern that ex parte reexamination proceedings allow for appeals and lack the estoppel benefits of *inter partes* review. But at the hearing, uPost represented to the court that it would agree to be bound by the estoppel provisions that apply to *inter partes* review, which are set forth in 35 U.S.C. § 315. NSixty stated on the record that it would accept uPost's offer to be bound by the statutory estoppel provisions of *inter partes* review. Given that a stay would provide at least some possibility of a simplification of the issues in this case, and that uPost has agreed to be bound by the estoppel provisions of *inter partes* review, the second factor weighs in favor of a stay.

Regarding the case's procedural posture, discovery is in its early phases, and a trial date has not yet been set. Thus, the third and fourth factors weigh in favor of a stay. Given that all of the factors weigh in favor of staying this litigation, the court in its discretion will stay this case pending

completion of the NSixty patents' ex parte reexamination proceedings.

Finally, the court notes that the exhibits presented at the hearing were filed under seal. (Exhibits (ECF No. 45).) The court has reviewed the exhibits and finds there does not appear to be a reason to maintain these exhibits under seal. As required by Local Rule IA 10-5(b), the court will provide the parties with an opportunity to show cause, in writing by March 22, 2018, why these exhibits should not be unsealed. If the parties do not respond by that date, the court will unseal the exhibits without further notice.

### III.     CONCLUSION

IT IS THEREFORE ORDERED that defendant uPost Media, Inc.'s ("uPost") Motion to Stay Pending Reexamination Before the United States Patent and Trademark Office (ECF No. 26) is GRANTED.

IT IS FURTHER ORDERED that this case is STAYED pending completion of the PTO reexamination proceedings.

IT IS FURTHER ORDERED that the parties must file a joint status report updating the court on the PTO reexamination proceedings on July 10, 2018, and every 120 days thereafter, until the stay is lifted.

IT IS FURTHER ORDERED that following the reexamination proceedings, uPost will be bound by the estoppel provisions that apply to *inter partes* review as set forth in 35 U.S.C. § 315.

IT IS FURTHER ORDERED that defendant uPost's Emergency Motion to Stay Pending the Decision on the Motion to Stay Pending Reexamination Before the United States Patent and Trademark Office (ECF No. 37) is DENIED as moot.

IT IS FURTHER ORDERED that the parties must show cause, in writing no later than March 22, 2018, why the sealed exhibits (ECF No. 45) should not be unsealed. If the parties fail to show cause, the sealed exhibits will be unsealed without further notice.

DATED: March 12, 2018

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**